IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02228-ZLW

ANTONIO MERCADO,

    Plaintiff,

v.

U.S. PRESIDENT MR. GEORGE W. BUSH,
ATT. GENERAL ALBERTO GONZALEZ, U.S. Justice Dept.,
DISTRICT FEDERAL JUDGE HILDA G. TAGLE (BR. TX),
PROSECUTOR DANIEL M. MARPOSOM (BR. TX),
PUBLIC DEFENDER JEFFREY L. WILD (BR. TX),
INS, and
THE GRAND JURY (BR. TX),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 25 2006

GREGORY C. LANGHAM
                CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on Plaintiff Antonio Mercado's **pro se** Letter filed with the Court on May 8, 2006. Mr. Mercado is a federal prisoner and currently is incarcerated at United States Medical Center for Federal Prisoners in Springfield, Missouri.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. **Id.**; **see also Dalton v. First Interstate Bank**,

863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The April 21, 2006, Order dismissed the Complaint and the action without prejudice for Plaintiff's failure to comply with the Court's January 31, 2006, Order. Plaintiff has filed the motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the Letter properly is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

A motion to reconsider that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *Van Skiver*, 952 F.2d at 1244.

Upon consideration of the entire file, the Court finds and concludes that Mr. Mercado fails to demonstrate some reason why the Court should reconsider the dismissal of this action. The reasons for the dismissal are discussed in detail in the April 21, 2006, Order and Judgment of Dismissal. In addition, the dismissal was without

prejudice. If Plaintiff wishes to pursue his claims he may do so by initiating a new action. Therefore, the Motion to Reconsider will be denied. Accordingly, it is

ORDERED that the Letter filed by Mr. Mercado, on May 8, 2006, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 24 day of May, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02228-BNB

Antonio Mercado
Reg. No. 27017-179
USMCFP – Springfield
PO Box 4000
Springfield, MO 65801-4000

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  5-25-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk